IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARL C. GILBERT, JR,

                                                                             ORDER

                Plaintiff,

                                                                         10-cv-157-bbc

     v.

JAMES DOYLE, DEPARTMENT OF HEALTH
AND FAMILY SERVICES, SHARON NELSON,
BUREAU OF HEALTH SERVICES, DEPARTMENT
OF CORRECTIONS, DIVISION OF ADULT
INSTITUTIONS, KAREN E. TIMBERLAKE,
RICK RAEMISCH, TED WESTFIELD,
WILLIAM GROSSHAN, SHARON K. ZUNKER,
CYNTHIA THORPE, SARAH KEPPERT, JAMES GREER,
DAVID BURNETT, BARBARA E LAP, KEVIN KALLAS,
DONALD HANDS, SCOTT HOFTIEZER,
WISCONSIN ICI-SYSTEM PERSONNEL,
KAREN GOURLIE, AMY SMITH, TOM GOZINSKE,
ANGEL E. KROLL, THEREASA, MICHAEL THURMER,
MICHAEL MIESNER, CAPT. MELI, DANIEL BRAEMER,
STEVEN WIERENGA, BENJAMIN HILBERT,
SGT. TORCHISKI, SGT. LARSON, SGT. TRITT,
SGT. BEASLEY, SGT. KIMBALL, SGT. TAYLOR,
CAPT. GEMPLER, LT. GREEF, CAPT. HOLM,
CAPT. O'DONOVAN, KEVIN WEBSTER, C.O. II CAUL,
C.O. CARLSON, C.O. WOOD, C.O. BEAHM,
C.O. MASON, C.O. JONES, C.O. GIZA, C.O. TRITT,
GARY ANKARLO, JEFFREY GARBELMAN, STELLA NESS,
JENNY STADTMULLER, JANET JOHNSTON,
GRACE BROWN, DR. FISCHER, TODD CALLISTER,
RALPH FROELOCH, BELINDA SCHRUBBE,

1

PAUL SUMNICHT, MARY GORSKE,
CHARLENE S. REILTZ, JUDY SCHAEFER,
PATTY CARREN, GAIL WALTZ,
FRANCIS MONROE-JENNING, KIM SCHMIDT,
MARK JENSEN, SANDY JACKSON, JULIE HOOPER
and JOHN DOES/JANE DOES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Carl C. Gilbert, Jr. is a prisoner at the Waupun Correctional Institution. (He states that he is civilly committed under Wis. Stat. Chap. 980, but a search of court documents shows that he is in the custody of the Wisconsin Department of Corrections following revocation of his parole.) Plaintiff has submitted a proposed complaint, a request for leave to proceed in forma pauperis and a request for injunctive relief. I must dismiss plaintiff's complaint because it violates Fed. R. Civ. P. 8 (and likely Rule 20 as well), but I will give him another chance to file a complaint that complies with the Federal Rules of Civil Procedure. Also, I will advise him on how to proceed now that he has "struck out" under 28 U.S.C. § 1915(g).

      Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to

2

understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. Rule 20(a) prevents a plaintiff from filing a "buckshot complaint." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). For example, if a plaintiff filed "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions," the complaint would be rejected because the defendants would not be properly joined under Rule 20(a)(2). Id.

Plaintiff's complaint violates Rule 8 and almost certainly violates Rule 20 as well. Plaintiff's 69-page complaint lists a multitude of claims against prison staff, such as that he has been assaulted and denied medication, medical treatment, religious meal bags and his right to file inmate complaints. Unfortunately, plaintiff's claims are so filled with vague allegations and legal opinions that it is impossible to tell what claims plaintiff is trying to

3

bring against each of the more than 60 named defendants (also it seems that plaintiff seeks the addition of 280 John and Jane Doe defendants.) For example, plaintiff alleges:

> The [above] parties/defendants . . . and (DOC), (DAI), (BHS), (DHFS), (WCI) with ATI institutions/facilities with their (Medical Staffs), (Non-Medical Staffs), State of Wisconsin, James E. Doyle, Karen E. Timberlake, with all government, state and local agencies that's denied, refused, delayed, hinder[ed] interfered and prevented me from my medical health care, treatment and outside professional consultations and judgments for my symptom of my hepatitis C, hypothyroidism, diabetes, chronic restrictive lung disease (cancer?) Arthritis; in hands & right knee.

For the most part, in order to answer plaintiff's complaint, defendants would have to guess at what claims he is asserting against them. Rule 8's requirements bar plaintiff from proceeding with such allegations. Also, although it is difficult to tell from plaintiff's rambling allegations, it is unlikely that claims against each defendant arose out of the same transaction or series of transactions, as they must if plaintiff's complaint is to comply with Rule 20.

Because plaintiff's complaint does not comply with Rule 8 and possibly violates Rule 20 as well, I will dismiss it. However, this dismissal will be without prejudice. Plaintiff is free to file an amended complaint in which he sets out his claims against each of the defendants in short and plain statements. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the *specific* person who committed those acts; and (4) what relief he wants the court to provide. He should state the *facts* of what actually happened rather than make broad allegations to the effect that his

4

rights were violated without explaining exactly how he thinks his rights were violated.

For the purpose of Rules 8 and 20, plaintiff should number each paragraph, organize each of his claims separately and explain what defendants are involved in each claim, so that each defendant can understand the claims against him or her. Further, I note that it is unlikely that dozens of defendants are involved in each claim; plaintiff should limit the defendants named in each claim to those who are personally responsible for acting or failing to act in a way that violated his rights. For example, if a plaintiff believed that a guard had denied him his prescribed medication in violation of his rights under the Eighth Amendment, it is not enough simply to allege that "my Eighth Amendment rights were violated." Rule 8 requires a plaintiff making such an allegation to say exactly what happened. Did he ask for the medication? If so, what guards did he ask? When did he make the request? What response did the guard give? Did he ask again? Why did he need the medication? Did he ever receive it and if so, how long did he have to wait for it? What happened to him when he did not receive the medication? If plaintiff follows this example, then defendants will be able to tell from his complaint whether they are being sued and for what acts or failures to act.

There is another problem with plaintiff's complaint. Plaintiff has struck out under 28 U.S.C. § 1915(g), which reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil

> action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has been denied leave to proceed in forma pauperis in lawsuits that contained claims that were legally frivolous, malicious or failed to state a claim upon which relief may be granted. Gilbert v. Haese, 01-cv-536 (E.D. Wis. Oct. 29, 2001); Gilbert v. American Civil Liberties Union of Illinois, 02-cv-388 (E.D. Wis. May 6, 2002); Gilbert v. Griesbach, 03-cv-420 (E.D. Wis. May 28, 2003). Therefore, even if plaintiff's complaint complied with Rules 8 and 20, he could proceed only on claims alleging that he is in imminent danger of serious physical injury. Because of plaintiff's Rule 8 problems, it is unclear which of his claims describe violations of his rights that are placing him in imminent danger now.

Given the defects in plaintiff's complaint, he has two choices:

(1) He can continue to seek in forma pauperis status, in which case he will have to submit a proposed amended complaint that satisfies Rules 8 and 20, as discussed above. In addition, plaintiff will have to limit his claims to those containing allegations that he is currently in imminent danger of serious physical harm. In his complaint, plaintiff should explain how each claim satisfies the imminent danger requirement, including saying how he

6

is affected *now* by defendants' violations of his rights. Further, plaintiff should submit a certified copy of his trust fund account for the last six months so that the court can calculate an initial partial payment of the filing fee should plaintiff be granted leave to proceed on any of his claims; or

(2) He can submit a proposed amended complaint along with the full $350 filing fee for this case, in which case the imminent danger requirement will not apply because he will no longer be seeking in forma pauperis status. Plaintiff's amended complaint must still comply with Rules 8 and 20, but he can include claims regarding both present and past harm.

I will give plaintiff until July 9, 2010 to file a proposed amended complaint as well as a response to this order indicating which of the above options he chooses. Should plaintiff fail to submit a proposed amended complaint by July 9, 2010, the clerk of court is to enter judgment dismissing the case.

Finally, I note that plaintiff has filed a motion requesting the court to direct prison officials to provide him an extension of his legal loan. Under Wis. Admin. Code § DOC 309.51, an inmate's "loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents." Whether plaintiff can convince prison officials to find extraordinary circumstances warranting an extension of this legal loan limit is not a matter for this court

7

to decide. In Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit held that the Constitution does not require the state of Wisconsin to subsidize the costs of plaintiff's lawsuit. I will not order the state of Wisconsin to lend prisoners more money or paper than they are authorized to receive under § DOC 309.51. Plaintiff's motion for an extension of his legal loan limit will be denied.

ORDER

IT IS ORDERED that

1. The complaint filed by plaintiff Carl C. Gilbert, Jr. in this action is DISMISSED for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff will have until July 9, 2010 to submit a proposed amended complaint. Should plaintiff fail to submit a proposed amended complaint by July 9, 2010, the clerk of court is to enter judgment dismissing the case.

2. Plaintiff's motion for the court to direct prison officials to provide him an

extension of his legal loan, dkt. #3, is DENIED.

Entered this 18th day of June, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge