IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARL C. GILBERT, JR,

                          Plaintiff,

           v.

JAMES DOYLE, DEPARTMENT OF HEALTH
AND FAMILY SERVICES, SHARON NELSON,
BUREAU OF HEALTH SERVICES, DEPARTMENT
OF CORRECTIONS, DIVISION OF ADULT
INSTITUTIONS, KAREN E. TIMBERLAKE,
RICK RAEMISCH, TED WESTFIELD,
WILLIAM GROSSHAN, SHARON K. ZUNKER,
CYNTHIA THORPE, SARAH KEPPERT, JAMES GREER,
DAVID BURNETT, BARBARA E LAP, KEVIN KALLAS,
DONALD HANDS, SCOTT HOFTIEZER,
WISCONSIN ICI-SYSTEM PERSONNEL,
KAREN GOURLIE, AMY SMITH, TOM GOZINSKE,
ANGEL E. KROLL, THEREASA, MICHAEL THURMER,
MICHAEL MIESNER, CAPT. MELI, DANIEL BRAEMER,
STEVEN WIERENGA, BENJAMIN HILBERT,
SGT. TORCHISKI, SGT. LARSON, SGT. TRITT,
SGT. BEASLEY, SGT. KIMBALL, SGT. TAYLOR,
CAPT. GEMPLER, LT. GREEF, CAPT. HOLM,
CAPT. O'DONOVAN, KEVIN WEBSTER, C.O. II CAUL,
C.O. CARLSON, C.O. WOOD, C.O. BEAHM,
C.O. MASON, C.O. JONES, C.O. GIZA, C.O. TRITT,
GARY ANKARLO, JEFFREY GARBELMAN, STELLA NESS,
JENNY STADTMULLER, JANET JOHNSTON,
GRACE BROWN, DR. FISCHER, TODD CALLISTER,
RALPH FROELOCH, BELINDA SCHRUBBE,

ORDER

10-cv-157-bbc

1

Copy of this document has been
provided to: _Plaintiff_

this __7th__ day of __12 20 10__
by _____
     S. Vogel, Secretary to
     Judge Barbara B. Crabb

PAUL SUMNICHT, MARY GORSKE,
CHARLENE S. REILTZ, JUDY SCHAEFER,
PATTY CARREN, GAIL WALTZ,
FRANCIS MONROE-JENNING, KIM SCHMIDT,
MARK JENSEN, SANDY JACKSON, JULIE HOOPER
and JOHN DOES/JANE DOES,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In a June 18, 2010 order, I dismissed plaintiff Carl Gilbert's complaint because it

violated Fed. R. Civ. P. 8 (and likely Rule 20 as well), and gave him another chance to file

a complaint that complies with the Federal Rules of Civil Procedure.  Now plaintiff has filed

two motions for extension of time for him to file an amended complaint.  He argues that

prison staff has confiscated the legal materials he intended to send to his jailhouse lawyer.

In addition, plaintiff has filed a motion to be transferred out of the Waupun Correctional

Institution because (1) he is actually a patient under Wis. Stat. Chapter 980 and (2) he faces

imminent danger.

        There is only one situation in which I may take up the matter of court access in the

context of a lawsuit that does not contain a specific claim of denial of access to the court in

the underlying complaint.  If plaintiff could show that prison officials were actively and

physically blocking his ability to come to trial or defend against a motion filed by the

defendants, I may ask defendants' counsel to look into the matter and report the

2

circumstances to the court.  In this instance, plaintiff seems to be alleging that prison staff has instituted an rule that inmate-to-inmate mail can be sent only on Wednesdays.  This does not seem to be the type of case in which prison staff is blocking plaintiff's ability to litigate this case, particularly where he has had no problem sending numerous submissions to this court.  Given that plaintiff has had difficulty communicating with his jailhouse lawyer, I will grant him a short extension of time until August 23, 2010 to file his amended complaint.

As for plaintiff's motion to be transferred, the court cannot even consider the motion because he has not yet been allowed to proceed on any of his claims; he will first have to file a proper amended complaint alleging that he is in imminent danger.  Moreover, to the extent that plaintiff argues that his is actually a Chapter 980 patient rather than a prisoner, as I explained in the June 18 order, court records show that he is lawfully imprisoned at the Waupun Correctional Institution.  Plaintiff directs the court's attention to a pending state appeal, but his brief in that case specifically states that he is imprisoned on a parole revocation.  Accordingly, I will deny this motion.

ORDER

IT IS ORDERED that

1. Plaintiff's first motion for an extension of time to file an amended complaint, dkt.

3

#8, is GRANTED; plaintiff will have until August 23, 2010 to file his amended complaint.

2.   Plaintiff's second motion for an extension of time, dkt. #10, is DENIED as unnecessary.

3.   Plaintiff's motion to be transferred out of the Waupun Correctional Institution, dkt. #9, is DENIED.

Entered this 9th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge